IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-219-BO-RN

| | |
|---|---|
| LISA BERNARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| FAYETTEVILLE STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and a hearing on the motion was held before the undersigned on September 5, 2025, at Raleigh, North Carolina. In this posture, the motion is ripe for disposition. For the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiff instituted this action against her former employer alleging that her employment was terminated in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, *et seq*. The following material facts are not in dispute. *See* [DE 24]; [DE 27]. Plaintiff was discharged from her employment on April 30, 2023. Plaintiff was fifty-six years old when her employment was terminated and had worked for defendant for approximately nineteen years. At the time of her termination, plaintiff worked for defendant as an accounting technician. The circumstances of plaintiff's termination arose during a reorganization of her department and a subsequent reduction in force or RIF action which eliminated her accounting technician position. Plaintiff's position was the only position subject to a RIF action. Following her termination,

plaintiff became employed with the Cumberland County Department of Social Services, and subsequently accrued twenty years of creditable service as a state employee.

According to plaintiff, she was qualified for and requested to be placed in the Budget Office's vacant administrative support specialist position, but defendant instead filled that position with a thirty-four year old. Plaintiff further contends that defendant violated its own RIF policy when it declined to offer plaintiff the administrative support specialist position, which would have been a demotion plaintiff was willing to accept in order to maintain her employment. Plaintiff contends that the circumstances surrounding the RIF action give rise to an inference of discrimination because only her position was eliminated, defendant failed to follow its own RIF procedures in eliminating her position, and plaintiff was nearing retirement eligibility at the time her position was eliminated.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The ADEA makes it unlawful for employers to discriminate against individuals because of their age. 29 U.S.C. § 623. Plaintiff proceeds under the *McDonnell Douglas* burden-shifting framework, and thus she must demonstrate first a prima facie case of age discrimination, after which the burden shifts to the employer to show that the reason for the adverse employment action was legitimate and non-discriminatory. *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Bodkin v. Town of Strasburg, Virginia*, 386 F. App'x 411, 413 (4th Cir. 2010). The plaintiff must then prove that the employer's proffered legitimate reason was pretext for discriminatory treatment. *Reeves*, 530 U.S. at 142-43.

To make out a prima facie ADEA case, plaintiff must demonstrate she is a member of the protected class, that she suffered an adverse employment action, that at the time of the adverse action she was meeting her employer's legitimate expectations, and that the employer's actions were taken under circumstances which give rise to an inference of discrimination based on age. *Gilliam v. Bertie Cnty. Bd. of Educ.*, No. 2:20-CV-16-D, 2022 WL 843090, at *4 (E.D.N.C. Mar. 21, 2022); *see also Adinolfi v. N. Carolina Dep't of Just.*, No. 22-1329, 2023 WL 1814206, at *1 (4th Cir. Feb. 8, 2023) (In RIF context, to demonstrate "the fourth element, a plaintiff need only show that similarly situated younger individuals were treated differently "or there were other circumstances giving rise to an inference of discrimination.") (quoting *Dugan v. Albemarle Cnty. Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002)).

It is undisputed that plaintiff is a member of the protected class, that she suffered an adverse employment action, and that at the time of the adverse employment action she was meeting her employer's legitimate expectations. Genuine issues of material fact remain in dispute as to the fourth element of plaintiff's prima facie case and whether defendant's proffered legitimate reason was pretextual. The motion for summary judgment is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion for summary judgment [DE 23] is DENIED. This action is referred to United States Magistrate Judge Numbers for pretrial conference. The case will be set for trial during the Court's January 2026 term in Elizabeth City, at a date and time to be set by separate notice.

SO ORDERED, this ___ day of October 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4